IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON STEWART, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:14-cv-01002-JPG-PMF ) |
| MARSHALL ETC INC., DANIEL MARSHALL, and SHERRI MARSHALL, | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW, Plaintiff Brandon Stewart, individually, and on behalf of all others similarly situated, for his Complaint against Defendants Marshall Etc. Inc., Daniel Marshall and Sherri Marshall (hereinafter "Marshall"), and alleges as follows:

**Nature of Case**

1.  Marshall employs dozens of hourly and salaried employees as, among other positions, senior technicians, for various devices distributed by Sprint at Marshall's stores. Marshall has stores in six Illinois locations, including but not limited to Collinsville and Glen Carbon, which are located within the East St. Louis Division of the Southern District of Illinois. Marshall also has eight stores in Missouri, all in the greater St. Louis area. During the relevant time periods preceding this action, Marshall permitted and suffered its senor technicians and/or other non-supervisory salaried technicians who were compensated by salary (hereinafter "other non-supervisory salaried technicians") to work overtime without paying them overtime premium wages in violation of federal and Illinois law. Marshall has also failed to record and pay for work performed by the employees. As such, Marshall received substantial unpaid labor from its employees. Plaintiff seeks to recover unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA") and Illinois law.

1

**Jurisdiction and Venue**

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and other similarly situated employees is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Illinois law authorizes court actions by private parties to recover damages for violation of the Illinois Minimum Wage Law ("IMWL"). 820 ILCS § 105/12(a). Jurisdiction over the state law claims of Plaintiff and other similarly situated employees is based on 28 U.S.C. § 1367 and 820 ILCS § 105/12(a).

4. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Marshall conducts business in this district and substantial unlawful conduct giving rise to the claims occurred in this district.

**Parties**

5. From approximately April 16, 2012 through February 14, 2014, Plaintiff Brandon Stewart was employed by Marshall as a senior technician at Marshall's stores located in Glen Carbon and Collinsville, Illinois, which are located in Madison County, Illinois within the East St. Louis Division of the Southern District of Illinois. Plaintiff's consent to be party, including on behalf of himself and others similarly situated, to this action is attached as "Exhibit 1."

6. Plaintiff brings Count I of this lawsuit as a collective action under the FLSA on behalf of himself and all other similarly situated senior or non-supervisory salaried technicians employed by or formally employed by Marshall at all of its stores within the last 3 years.

7. Plaintiff brings Count II of this lawsuit as a collective action under the FLSA on behalf of himself and all other similarly situated senior or non-supervisory salaried technicians employed by or formally employed by Marshall at all of its stores within the last 3 years.

8. Plaintiff brings Counts III and IV of this lawsuit as a class action under the IMWL, 820 ILCS § 105/1 *et seq.*, 28 U.S.C. § 1367, and Fed. R. Civ. Proc. 23 on behalf of himself and all other similarly situated senior or non-supervisory salaried technicians employed by or

formally employed by Marshall at its Illinois stores within the last 3 years.

9. Plaintiff brings Counts V through VII of this lawsuit as a class action under the Illinois law, 28 U.S.C. § 1367, and Fed. R. Civ. Proc. 23 on behalf of himself and all other similarly situated non-supervisory salaried employees employed by or formally employed by Marshall at its Illinois stores within the applicable limitations periods.

10. Defendant Marshall is a Missouri corporation which operates as a third party distributor of Sprint devices providing services, maintenance, and sale of Sprint devices, which has operations within the East St. Louis Division of the Southern District of Illinois.

11. Defendant Daniel Marshall is individually liable as an "employer" under the broad definitions provided by the FLSA and IMWL because he is the President of Marshall, he has or had supervisory authority over Plaintiff and all other similarly situated employees at Marshall's facilities, he has control over employment practices including but not limited to employee compensation, and he is at least partly responsible for the violations alleged herein. 29 U.S.C. § 203(d); 820 ILCS 105/3(c).

12. Defendant Sherri Marshall is individually liable as an "employer" under the broad definitions provided by the FLSA and IMWL because she is the Vice President of Marshall, she has supervisory authority over Plaintiff and all other similarly situated non-supervisory salaried workers at Marshall's Glen Carbon and Collinsville, Illinois facilities, she has control over employment practices including but not limited to employee compensation, and she is at least partly responsible for the violations alleged herein. 29 U.S.C. § 203(d); 820 ILCS 105/3(c).

**General Allegations**

13. Marshall requires or required Plaintiff and similarly situated employees to work in excess of 40 hours per workweek.

14. Marshall fails or failed to compensate Plaintiff and similarly situated employees at a rate of at least one and one half their regular rate of pay for work performed in excess of 40 hours per workweek.

15. Marshall fails or failed to provide employees overtime premium pay (aka "half time wages") for recorded overtime work.

16. Marshall fails or has failed to accurately record all time worked by Plaintiff and similarly situated employees.

17. The unrecorded work includes, but may not be limited to, both time after weekday work shifts and work performed on Saturdays or Sundays.

18. Marshall fails or failed to pay Plaintiff and similarly situated employees either regular or overtime wages for the unrecorded work time.

19. Marshall has adhered to the same policies and practices with respect to all its senior or other non-supervisory salaried technicians at all of its stores.

20. The net effect of Marshall's policies and practices, instituted and approved by company managers, is that Marshall willfully failed to pay wages and overtime compensation and willfully failed to keep accurate time and / or payroll records to save payroll costs.

21. Marshall thus enjoys substantial ill-gained profits at the expense of its senior or other non-supervisory salaried technicians.

**Collective and Class Action Allegations**

22. Plaintiff brings Count I under the FLSA as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all senior or other non-supervisory salaried technicians at Marshall's stores who were denied overtime wages for recorded overtime work.

23. Plaintiff brings Count II under the FLSA as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all senior technicians or other non-supervisory salaried technicians at Marshall's stores who were denied regular and overtime wages due to Marshall's failures to record work time.

24. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Marshall's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

4

25. Plaintiff brings Count III of this lawsuit as a class action under the IMWL, 820 ILCS § 105/1 *et seq.*, 28 U.S.C. § 1367, and Fed. R. Civ. Proc. 23 on behalf of himself and all other similarly situated senior or other non-supervisory salaried technicians employed by Marshall at Marshall's Illinois stores within the last 3 years.

26. Plaintiff brings Count IV of this lawsuit as a class action under the IMWL, 820 ILCS § 105/1 *et seq.*, 28 U.S.C. § 1367, and Fed. R. Civ. Proc. 23 on behalf of himself and all other similarly situated senior or other non-supervisory salaried technicians employed by Marshall at Marshall's Illinois stores within the last 3 years.

27. Plaintiff brings Counts V through VII as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself as the Class Representative of the following persons (the "Class"). All current and former senior of other non-supervisory salaried technicians at Marshall's Illinois stores, who were denied regular and overtime wages for unrecorded work since the beginning of the applicable limitations period.

28. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the class.

29. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

30. The class satisfies the numerosity standards as it consists of at least 40 persons who are believed to be geographically dispersed in various locations. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

31. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Marshall's actions include, without limitation, the following:

    (i)    Whether Marshall failed to pay Class members overtime premium wages for recorded work as required under 820 ILCS § 105/1 *et* seq.,

    (ii)    Whether Marshall failed to fully and accurately record work time and pay regular

and overtime wages for that work as required under 820 ILCS § 105/8,

(iii) Whether contracts existed between Marshall and Class members requiring payment of wages,

(iv) Whether Marshall breached and violated contracts with Class members by failing to pay required wages for time worked,

(v) Whether Marshall is liable to Class members in quantum meruit, and

(vi) Whether Marshall has been unjustly enriched by its failure to pay Class members for time worked.

32. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

33. Plaintiff's claims are typical of those of the Class in that Class members have been employed in the same or similar worker positions and the Class members were subject to the same unlawful practices as Plaintiff.

34. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have experience prosecuting and/or defending complex wage and hour, employment, and class action litigation.

35. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

**Count I: Violation of the Fair Labor Standards Act of 1938 By Failing to Pay Overtime Premiums for Recorded Overtime Work**

36. Plaintiff reasserts and re-alleges the allegations set forth above.

37. At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

38. The FLSA regulates, among other things, the payment of wages for overtime worked by employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

39. Marshall is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

40. During all times relevant, Defendants were the "employers" of Plaintiff and all similarly situated workers within the meaning of the FLSA. 29 U.S.C. § 203(d).

41. During all times relevant to this action, Plaintiff and all similarly situated workers were Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

42. Marshall violated Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), by failing to pay overtime premium wages for recorded overtime work.

43. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations; however, none of the FLSA's exemptions apply to Plaintiff or other similarly situated employees.

44. Plaintiff and all similarly situated employees are victims of a uniform compensation policy. On information and belief, Marshall is applying the same unlawful compensation policy to all its senior or other non-supervisory salaried technicians at all of its stores.

45. Plaintiff and all similarly situated employees are entitled to damages equal to the FLSA's mandated overtime premium pay for all overtime recorded by Marshall within the 3 years

preceding the filing of the Complaint, plus periods of equitable tolling, because Marshall acted willfully and knew, or showed reckless disregard for whether, its conduct was prohibited by the FLSA.

46. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that Plaintiffs are not entitled to recover liquidated damages, then Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

47. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Marshall from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post- judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed under 29 U.S.C. § 216(b); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Count II: Violation of the Fair Labor Standards Act of 1938
By Failing to Pay Regular and Overtime Wages for Unrecorded Work**

48. Plaintiff reasserts and re-alleges the allegations set forth above.

49. At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

50. The FLSA regulates, among other things, the payment of wages for regular hours

and for overtime worked by employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

51. Marshall is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

52. During all times relevant, Defendants were the "employers" of Plaintiff and all similarly situated workers within the meaning of the FLSA. 29 U.S.C. § 203(d).

53. During all times relevant to this action, Plaintiff and all similarly situated workers were Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

54. Marshall violated Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), by failing to pay regular and overtime wages for unrecorded work.

55. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations; however, none of the FLSA's exemptions apply to Plaintiff or other similarly situated employees.

56. Plaintiff and all similarly situated employees are victims of a uniform compensation policy. On information and belief, Marshall is applying the same unlawful compensation policy to all its senior or non-supervisory salaried technicians at its stores.

57. Plaintiff and all similarly situated employees are entitled to damages equal to the FLSA's mandated overtime premium pay for all overtime recorded by Marshall within the 3 years preceding the filing of the Complaint, plus periods of equitable tolling, because Marshall acted willfully and knew, or showed reckless disregard for whether, its conduct was prohibited by the FLSA.

58. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation permitted by 29 U.S.C.

§ 216(b). Alternatively, should the Court find that Plaintiffs are not entitled to recover liquidated damages, then Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

59. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Marshall from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post- judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed under 29 U.S.C. § 216(b); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Count III: Violation of the Illinois Minimum Wage Law By Failing to Pay Overtime Premiums for Recorded Overtime Work**

60. Plaintiff reasserts and re-alleges the allegations set forth above.

61. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the IMWL, 820 ILCS § 105/1 *et seq.*

62. The IMWL regulates, among other things, the payment of regular wages and overtime by employers, subject to limited exemptions not applicable herein. 820 ILCS §§ 105/3(c) & (d); 820 ILCS § 105/4a.

63. During all times relevant to this action, Defendants were the "employers" of Plaintiff and the Class within the meaning of the IMWL. 820 ILCS §§ 105/3(c) & (d).

64. During all times relevant to this action, Plaintiff and the Class were Defendants' "employees" within the meaning of the IMWL. 820 ILCS § 105/3(d).

65. The IMWL exempts certain categories of employees from Illinois overtime obligations, none of which apply to Plaintiff or the Class. 820 ILCS § 105/3(d).

66. Pursuant to the IMWL, employees are entitled to be compensated for all hours worked and compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 820 ILCS § 105/4a(l).

67. Marshall, pursuant to its policy and practice, violated the IMWL by refusing and failing to pay Plaintiff and other similarly situated employees overtime premium wages for recorded overtime work. 820 ILCS § 105/4a(l).

68. Plaintiff and the Class are victims of a uniform and employer-based compensation policy. On information and belief, this uniform policy, in violation of the IMWL, has been applied, and continues to be applied, to all senior or other non-supervisory salaried technicians at Marshall's stores.

69. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid overtime wages due within 3 years preceding the filing of this Complaint plus periods of equitable tolling. 820 ILCS § 105/12(a).

70. Plaintiff and all similarly situated employees are entitled to damages equal to two percent (2%) of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid. 820 ILCS § 105/12(a).

71. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

72. Marshall is liable pursuant to 820 ILCS § 105/12(a) for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count III of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray for: (1) compensatory damages; (2) additional damages equal to two percent (2%) per month of the cumulative unpaid wages and overtime compensation due per 820 ILCS § 105712(a); (3) attorneys' fees and costs as allowed by 820 ILCS § 105/12(a); (4) pre-judgment and post-judgment interest as provided by law; and (5)

such other relief as the Court deems fair and equitable.

**Count IV: Violation of the Illinois Minimum Wage Law By Failing to Pay Regular and Overtime Wages for Unrecorded Overtime Work**

73. Plaintiff reasserts and re-alleges the allegations set forth above.

74. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the IMWL, 820 ILCS § 105/1 *et seq.*

75. The IMWL regulates, among other things, the payment of regular wages and overtime by employers, subject to limited exemptions not applicable herein. 820 ILCS §§ 105/3(c) & (d); 820 ILCS § 105/4a.

76. During all times relevant to this action, Defendants were the "employers" of Plaintiff and the Class within the meaning of the IMWL. 820 ILCS §§ 105/3(c) & (d).

77. During all times relevant to this action, Plaintiff and the Class were Defendants' "employees" within the meaning of the IMWL. 820 ILCS § 105/3(d).

78. The IMWL exempts certain categories of employees from Illinois overtime obligations, none of which apply to Plaintiff or the Class. 820 ILCS § 105/3(d).

79. Pursuant to the IMWL, employees are entitled to be compensated for all hours worked and compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 820 ILCS § 105/4a(l).

80. Marshall, pursuant to its policy and practice, violated the IMWL by refusing and failing to pay Plaintiff and other similarly situated employees regular and overtime wages for unrecorded work. 820 ILCS § 105/4a(l).

81. Plaintiff and the Class are victims of a uniform and employer-based compensation policy. On information and belief, this uniform policy, in violation of the IMWL, has been applied, and continues to be applied, to all senior or other non-supervisory salaried technicians at Marshall's stores.

82. Plaintiff and all similarly situated employees are entitled to damages equal to all

unpaid overtime wages due within 3 years preceding the filing of this Complaint plus periods of equitable tolling. 820 ILCS § 105/12(a).

83. Plaintiff and all similarly situated employees are entitled to damages equal to two percent (2%) of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid. 820 ILCS § 105/12(a).

84. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

85. Marshall is liable pursuant to 820 ILCS § 105/12(a) for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count IV of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray for: (1) compensatory damages; (2) additional damages equal to two percent (2%) per month of the cumulative unpaid wages and overtime compensation due per 820 ILCS § 105/12(a); (3) attorneys' fees and costs as allowed by 820 ILCS § 105/12(a); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Count V - Breach of Contract**

86. Plaintiff reasserts and re-alleges the allegations set forth above.

87. During times relevant, Plaintiff and all others similarly situated entered into implicit contracts with Marshall in which they agreed to perform employment services as part of their employment by Marshall and Marshall agreed to compensate such persons for all time worked based on specified hourly rates of regular and overtime pay or as salaried employees (hereinafter "the Contracts").

88. Marshall breached and violated the Contracts by failing to pay Plaintiff and all others similarly situated for all time worked.

89. Prior to Marshall's breach and violation of the Contracts, Plaintiff and all others similarly situated performed their duties under the Contracts.

90. As a direct result of Marshall's violations and breaches of the Contracts, as aforesaid, Plaintiff and all others similarly situated have been damaged.

91. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid regular and overtime compensation earned within 5 years preceding the filing of this Complaint plus periods of equitable tolling.

92. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count V of this Complaint, Plaintiff and all similarly situated employees demand judgment against Marshall and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

### Count VI - Quantum Meruit

93. Plaintiff reasserts and re-alleges the allegations set forth above.

94. Plaintiff and others similarly situated rendered employment services to Marshall.

95. Marshall received the benefits of the employment services provided by Plaintiff and others similarly situated.

96. Marshall's retention of those services without providing compensation in exchange would be unjust.

97. Marshall has thereby been unjustly enriched and / or Plaintiff and others similarly situated have been damaged.

98. The payment requested by Plaintiff and others similarly situated for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality were the services were rendered.

99. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid wages and overtime compensation due within 5 years preceding the filing of this Complaint plus periods of equitable tolling.

100. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count VI of this Complaint, Plaintiff and all similarly situated employees demand judgment against Marshall and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

### Count VII - Unjust Enrichment

101. Plaintiff reasserts and re-alleges the allegations set forth above.

102. Plaintiff and others similarly situated provided employment services to Marshall and thereby conferred benefits on Marshall.

103. Marshall appreciated the benefits and / or had knowledge of the benefits.

104. Marshall accepted and retained the benefits in circumstances that render such retention inequitable without payment of the value of the benefits.

105. Marshall has thereby been unjustly enriched and / or Plaintiff and others similarly situated have been damaged.

106. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid wages and overtime compensation due within 5 years preceding the filing of this Complaint plus periods of equitable tolling.

107. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count VII of this Complaint, Plaintiff and all similarly situated employees demand judgment against Marshall and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully Submitted,


BYRON CARLSON PETRI & KALB, LLC


 s/Christopher J. Petri
Christopher J. Petri #6257456
411 St. Louis Street
Edwardsville, IL 62025
Phone: 618-655-0600
Fax: 618-655-4004
Attorneys for Plaintiff