IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON STEWART, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 14-CV-1002-NJR-PMF |
| vs. ) ) | |
| MARSHALL ETC, INC., DANIEL MARSHALL, and SHERRI MARSHALL, ) ) ) ) | |
| Defendants. ) | |

## PRELIMINARY APPROVAL ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Brandon Stewart and Defendants Marshall Etc., Inc., Daniel Marshall, and Sherri Marshall have filed a Joint Motion for Preliminary Approval of FLSA and Class Action Settlement (Doc. 29), a Joint Motion to Certify Class and Collective Action for Settlement Purposes, a Supplement to Joint Motion for Preliminary Approval of FLSA and Class Action Settlement, and a Motion for Leave to File an Amended Complaint and Memorandum in Support (Doc. 38). For the reasons stated below, the Court grants the Joint Motion for Preliminary Approval and the Joint Motion for Preliminary Approval of FLSA and Class Action Settlement. Further, the Court grants Plaintiff leave to file an amended complaint.

## Background

Plaintiff Brandon Stewart is a former senior technician of Defendant Marshall Etc., Inc. ("Marshall"). On September 16, 2014, Plaintiff initiated this class and collective action lawsuit against Defendants Marshall, Daniel Marshall, and Sherri Marshall seeking to recover unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA") and state law. In the Complaint, Plaintiff alleges that Marshall "permitted and suffered its senior technicians and/or other non-supervisory salaried technicians who were compensated by salary to work overtime without paying them overtime premium wages in violation of state and federal law" (Doc. 2). Plaintiff further asserts that Marshall failed to record and pay for work performed by the putative class (*Id.*).

On April 9, 2015, the parties notified the Court that they had reached a settlement on behalf of the putative settlement class (Doc. 27). On May 8, 2015, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 29). On June 9, 2015, the Court held a preliminary approval hearing and heard argument on whether the settlement should be preliminarily approved. At the hearing, the undersigned District Judge took the Joint Motion for Preliminary Approval of Class Action Settlement under advisement and directed the parties to modify the Class Notice and Claim Form/Opt-In Form in order to ensure that the documents were as clear as possible for the Settlement Classes. The undersigned further directed the parties to file a formal motion to certify the class and collective action for settlement purposes only under Federal Rule of Civil Procedure 23 and Section 216(b) of the FLSA.

On July 1, 2015, the parties filed a Joint Motion to Certify Class and Collective Action for Settlement Purposes and Supplement to Joint Motion for Preliminary Approval of FLSA and Class Action Settlement and a Motion for Leave to File an Amended Complaint and Memorandum in Support (Doc. 38). The Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 29) is now ripe for ruling.

## Discussion

The procedure for review of a proposed class action settlement is a well-established three-step process. First, the district court must issue a "preliminary approval" order following a pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1124 (7th Cir. 1979). Second, notice of the proposed settlement must be sent to all class members. Third, the district court must issue a "final approval" order after notice of the settlement is provided to the class and a hearing to consider the fairness of the settlement is held.

At this preliminary stage, the Court need only determine whether the settlement is "'within the range of possible approval.'" *Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982). This does not require the Court to answer the ultimate question of whether the proposed settlement is "fair, reasonable, and adequate." *Armstrong v. Bd. of Sch. Dirs. of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980) (noting that at the final fairness hearing, the court will "adduce all information necessary to enable [it] intelligently to rule on whether the proposed settlement is 'fair, reasonable, and adequate'"). At preliminary approval, the court's role is not "resolving the merits of the controversy or

making a precise determination of the parties' respective legal rights." *E.E.O.C. v. Hiram Walker & Sons*, 768 F.2d 884, 889 (7th Cir. 1985) (collecting cases).

## I. Class Certification

The parties request that the Court provisionally certify the class for settlement purposes only. "Courts have frequently certified settlement classes on a preliminary basis, at the same time as the preliminary approval of the fairness of the settlement, and solely for the purpose of settlement, deferring final certification of the class until after the fairness hearing." *Denney v. Jenkins & Gilchrist*, No. 03 Civ. 5460(SAS), 2005 WL 388562, at *24 (S.D.N.Y. Feb. 18, 2005); s*ee, e.g. Mars Steel Corp. v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 834 F.2d 677, 680 (7th Cir. 1987) ("the district judge gave preliminary approval to the *Mars* settlement, at the same time certifying the suit as a class action for settlement purposes only. This mode of class certification, not expressly provided for in Rule 23, is perhaps best interpreted as tentative certification.").

The fact that the parties have reached a settlement is a relevant consideration in the class-certification analysis. *See Smith v. Spring Communications Co.*, 387 F.3d 612, 614 (7th Cir. 2004). A court may not, however, "abandon the Federal Rules merely because a settlement seems fair, or even if the settlement is a 'good deal.' In some ways, the Rule 23 requirements may be even more important for settlement classes." *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002). To be entitled to class certification, a plaintiff must satisfy each requirement of Rule 23(a)--numerosity, commonality, typicality, and adequacy of representation--and one subsection of Rule 23(b). *See Harper v. Sheriff of Cook County*, 581 F.3d 511, 513 (7th Cir. 2009).

Here, the parties have submitted two proposed classes, a FLSA settlement class and a State Law settlement class, collectively referred to as the "Settlement Classes":

> **The "Settlement Classes" mean the Class Representative and all Class members of the FLSA Settlement Class and State Law Settlement Class. The "FLSA Settlement Class" refers to the FLSA § 216(b) Class members who worked as salaried technicians for one or more weeks during the period of January 1, 2011, to August 10, 2014, and allegedly have claims under the FLSA pertaining to alleged unpaid overtime compensation. The "State Law Settlement Class" refers to all Class Members who worked as salaried technicians at Marshall during the period of January 1, 2011, to August 10, 2014, and allegedly have State Law Claims pertaining to alleged unpaid overtime compensation.**

Federal Rule of Civil Procedure 23(a)(1) requires that the proposed class be so numerous that joinder of all persons is impracticable. FED. R. CIV. P. 23(a)(1). Although there is no "bright line" test for numerosity, courts typically deem joinder impracticable where the class members number forty or more. *See Chandler v. S.W. Jeep-Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D. Ill. 1995). But courts have also found the numerosity requirement satisfied where the putative class numbered less than forty individuals. *See McCabe v. Crawford and Co.*, 210 F.R.D. 631, 644 (N.D. Ill. 2002) (certifying class of nineteen when joinder impractical); *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56-57 (N.D. Ill. 1996) (eighteen class member satisfied numerosity requirement); *Allen v. Issac*, 99 F.R.D. 45, 48 (N.D. Ill. 1983) (certifying class of seventeen). Here, the putative Settlement Classes are comprised of nearly 40 members (currently, 33 members have been identified) residing in at least two states. Based on present information and a practical assessment of the situation, the Court finds that Rule 23(a)(1) is preliminary satisfied.

Federal Rule of Civil Procedure 23(a)(2) requires that there are questions of law

or fact that are common to the class. FED. R. CIV. P. 23(a)(2). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir.1992) (citing *Franklin v. City of Chicago*, 102 F.R.D. 944, 949–50 (N.D.Ill.1984)). Common nuclei of fact are typically present where, like in the case *sub judice*, the putative class members hold similar job positions and are subject to the same time-keeping and payment policies. In addition, the claims of all class members depend on establishing that Defendants maintained a policy of not paying the required amount for overtime hours worked. Accordingly, the claims preliminarily satisfy the requirements of Rule 23(a)(2).

Federal Rule of Civil Procedure 23(a)(3) requires that a plaintiff's claim be typical of the class. The commonality and typicality requirements of Rule 23(a) are often interrelated. *See Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir.1992). A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and his or her claims are based on the same legal theory. *See Muro v. Target Corp.,* 580 F.3d 485, 492 (7th Cir. 2009) ("[T]he requirement 'primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large.'") (citing *De La Fuente v. Stokely-Van Camp., Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). As stated previously, Plaintiff's claims present common questions of law and fact. Accordingly, Rule 23(a)(3) is preliminarily satisfied.

Federal Rule of Civil Procedure 23(a)(4) requires that the class representative be able to "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4).

Adequacy of representation is composed of two parts: (a) the adequacy of the named plaintiff's counsel and (b) the adequacy of representation provided by the putative name plaintiff in protecting the different, separate, and distinct interests of the class members. *Sec'y of Labor v. Fitzsimmons,* 805 F.2d 682, 697 (7th Cir.1986) (*en banc*). "The adequacy of representation prong is often concerned with avoiding conflicts of interest between the class representative(s) and the rest of the class." *Hyderi v. Washington Mut. Bank, FA,* 235 F.R.D. 390, 396 (N.D. Ill. 2006).

The Court finds that Rule 23(a)(4) is preliminarily satisfied because Plaintiff's claims are not antagonistic to, nor do they conflict with, the Settlement Classes. Rather, Plaintiff has represented the classes cooperatively and effectively from the stages of initial investigation through the course of the litigation. Thus, the Court designates Plaintiff Brandon Stewart as class representative because the Court finds that he possesses the same interest and has suffered the same alleged injury as the Settlement Classes for purposes of this settlement. In addition, Plaintiff's Counsel, Christopher Petri, meets Rule 23(a)(4)'s adequacy requirement. Counsel for both parties stressed at the hearing that Mr. Petri and his firm have substantial experience in class action litigation and employment and wage matters.

Having determined that the Federal Rule of Civil Procedure 23(a) requirements are preliminarily satisfied, the Court turns to analyze whether certification is appropriate and prudent under Federal Rule of Civil Procedure 23(b). Rule 23(b)(3) allows for certification where the requirements of Rule 23(a) have been met, and where the Court finds that "questions of law or fact common to members of the class

predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for resolving the controversy." FED. R. CIV. P. 23(b)(3). For purposes of this settlement only, the Court finds this case suitable for certification under Federal Rule of Civil Procedure 23(b)(3).[1]

First, the common questions of law and fact predominate over any individual issue, satisfying Rule 23(b)(3). Specifically, all claims arise from the same alleged policy of not paying required wages for overtime work, and all claims depend on the same or similar legal theories and proof. Given the relatively small economic harm suffered by each individual, a class action is a superior method of adjudicating this controversy. Furthermore, pursuing this case as a class action will not present manageability problems because the classes are being certified for settlement purposes only. *See Smith v. Sprint Communications Co., L.P.*, 387 F.3d 612, 614 (7th Cir. 2004).

Thus, pursuant to Rule 23(g), the Court finds that attorney Christopher Petri will fairly and adequately represent the interest of the Settlement Classes, and he is designated as Class Counsel. The Court finds that class counsel has experience litigating and settling class action claims and has negotiated this settlement with the interests of the class as a whole in mind.

Therefore, in finding that the proposed Settlement Classes are appropriate for preliminary certification, the Court provisionally certifies the Settlement Classes under Federal Rule of Procedure 23(e).

---

[1] While the Court finds that the 23(a) factors are preliminarily satisfied, and this case appears to be suitable for certification under Rule 23(b)(3), the Court will, of course, ask counsel to elaborate in detail on each factor when the parties move for final certification at the final approval stage.

## II.  Preliminary Approval and Proposed Settlement

As stated previously, at this preliminary approval stage, the Court's task is merely to "determine whether the proposed settlement is within the range of possible approval." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982). In determining whether to preliminarily approve a settlement, a court should consider: (1) the strength of the plaintiffs' case compared to the terms of the proposed settlement; (2) the likely complexity, length, and expense of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed. *Butler v. America Cable & Telephone, LLC*, No. 09-cv-5336, 2011 WL 4729789, at *9 (N.D. Ill. Oct. 6, 2011); *see also Armstrong*, 616 F.3d at 314.

Here, the Settlement Agreement provides a Gross Settlement Sum of $23,905.67 for distribution to Class Members. The portion of the Gross Settlement Sum allocated to the Settlement Classes includes: $17,929.25 to the FLSA Settlement Class and $5,976.42 to the State Law Settlement Class. The fund amount to each class member is distributed on a claims-made basis as described in the Settlement Agreement.

The Settlement Agreement appears to be a good compromised result for the parties following arms-length negotiation between experienced and informed counsel well-versed in class actions. *See Armstrong*, 616 F.2d at 325 (the court "is entitled to rely heavily on the opinion of competent counsel"). The parties confirmed at the hearing that the relief for which the proposed settlement provides is at least comparable and likely greater than the results Plaintiff would have been able to achieve through

continued litigation. The Court has no legitimate reason to doubt the integrity and motives of the Settlement Class Counsel.

The terms of the Settlement Agreement are preliminarily approved, subject to further consideration at the Final Fairness Hearing provided for below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the provisional certification of the Settlement class, the scheduling of the Final Fairness Hearing, and the dissemination of Notice to Class Members, each as provided for in this Order.

### III. Notice and Procedures for Notice

The Court has reviewed the proposed notice plan and finds that it fully complies with due process and Federal Rule of Civil Procedure 23. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members under Rule 23(c)(3).

FED. R. CIV. P. 23(c)(2)(B).

After reviewing the proposed Notice, the Court finds that it plainly and adequately describes the nature of the action and claims, sets out the definition of the class, explains that the Court will exclude any member who requests exclusion, explains the time and manner for requesting exclusion, and explains the binding effect of the

class judgment (*see* Doc. 38-2). The proposed Notice also conveys all information necessary for a class member to make an informed decision to participate, opt out, or object (*Id.*). The Notice identifies the lawsuit by docket number and case caption and gives a thorough description of the available benefits (*Id.*). The Notice also displays the name and firm of Class Counsel and informs class members of the procedure for making inquiries of Class Counsel (Doc. 38-2). For these reasons, the Court finds that the Notice is appropriate, and it is the best practicable under the circumstances. *See, e.g., Air Lines Stewards & Stewardesses Ass'n Local 550 v. American Airlines*, 455 F.2d 101, 108 (7th Cir. 1972) (notice that provided summary of proceedings to date, notified of significance of judicial approval of settlement and informed of opportunity to object at the hearing satisfied due process).

### IV. Leave to File an Amended Complaint

Federal Rule of Civil Procedure 15(a) conveys a liberal approach to amendments and provides that a party may amend a pleading and that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works,* 125 F.3d 468, 480 (7th Cir.1997); *Sanders v. Venture Stores,* 56 F.3d 771, 773 (7th Cir.1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bethany Pharmacal Co. v. QVC, Inc.,* 241 F.3d

854, 860 (7th Cir.2001); *Ferguson v. Roberts,* 11 F.3d 696, 706 (7th Cir.1993); *Daugherity v. Traylor Bros., Inc.,* 970 F.2d 348, 351 (7th Cir. 1992).

Here, Plaintiff has also sought leave to file an amended complaint in order to bring Missouri law claims on behalf of himself and other similarly situated technicians who worked for Defendant during the relevant time periods that are the subject of this litigation. Defendants have no objection. Accordingly, the Court finds that justice requires allowing amendment of Plaintiff's complaint.

## Conclusion

For the reasons set forth above, the Court **GRANTS** the Joint Motion for Preliminary Approval of Settlement (Doc. 29) and **PROVISIONALLY CERTIFIES** the Settlement Classes consisting of:

> **The "Settlement Classes" mean the Class Representative and all Class members of the FLSA Settlement Class and State Law Settlement Class. The "FLSA Settlement Class" refers to the FLSA § 216(b) Class members who worked as salaried technicians for one or more weeks during the period of January 1, 2011, to August 10, 2014, and allegedly have claims under the FLSA pertaining to alleged unpaid overtime compensation. The "State Law Settlement Class" refers to all Class Members who worked as salaried technicians at Marshall during the period of January 1, 2011, to August 10, 2014, and allegedly have State Law Claims pertaining to alleged unpaid overtime compensation.**

The Court provisionally **APPOINTS** Brandon Stewart as Class Representative. The Court provisionally **APPOINTS** Christopher Petri of the law firm Byron Carlson Petri & Kalb, LLC, as Class Counsel. This conditional certification of the Class, Class Representative, and Class Counsel are solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any

reason, the conditional certification of the Class and appointment of the Class Representative shall be void and of no further effect, and the parties to the agreement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in these actions.

Finding the proposed settlement is within the range of possible approval under Federal Rule of Civil Procedure 23(e), the Court **PRELIMINARILY APPROVES** the Settlement Agreement subject to the Final Fairness Hearing for the purposes of deciding whether to grant Final Approval of the Settlement. The Settlement Agreement is **ADOPTED** and made part of this Order as if fully set forth herein. This determination permitting notice to the settlement class is not a final finding, but is a determination that there is cause to submit the proposed Settlement Agreement to the settlement class and to hold a Final Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed settlement.

This Court also **APPROVES** the proposed Notice Plan contained in the Settlement Agreement. Notice shall be provided by the Claims Administrator to the class members no later than **September 11, 2015**, in a form substantially the same as the class notice forms appended to the Settlement Agreement and in substantially the same manner specified in the Settlement Agreement.

The Court **ORDERS** any member of the Settlement Class who wishes to exclude himself or herself from the settlement class to submit an appropriate, timely request for exclusion, in accordance with the terms set forth in the Settlement Agreement,

postmarked no later than **October 28, 2015**, to the Settlement Administrator at the address on the published notice.

The Court **ORDERS** any member of the Settlement Class Member who does not submit a timely, written request for exclusion from the settlement class in accordance with the procedures set forth in the Class Notice shall be bound by any order(s), judgment(s), and/or release(s) entered in this lawsuit in connection with approval of the Settlement Agreement.

Any Settlement Class Member who wishes to object to the Settlement or appear at the Final Approval Hearing must do so in accordance with the procedures set forth in the Settlement Agreement. Objections, notice, and written statements of appearance must be filed no later than **September 28, 2015**. Any objection shall be deemed to have been made in each and every capacity in which the person objecting is acting. Any Settlement Class Member who does not properly and timely object to the Settlement in accordance with the procedures set forth in the Settlement Agreement, shall be deemed to have waived such objection, and shall be barred from raising any objections to the fairness, adequacy, or reasonableness of the terms of the Settlement Agreement, counsel's request for an award of attorneys' fees and reimbursement of expenses, and/or any other matters pertaining to the settlement or this lawsuit.

A Final Fairness Hearing is set for **December 2, 2015**, **at 9:30 a.m.,** in the East St. Louis Courthouse, to consider and finally determine:

- Whether the Settlement should be finally approved by the Court as fair, reasonable, and adequate;

- Whether to grant Final Approval and certification of the settlement class for the purposes of the Settlement;

- Whether attorneys' fees and reimbursement of expenses should be awarded to Class Counsel;

- Whether a Final Order and Judgment should be entered; and

- Any other matters as may be presented to the Court at that time.

The Court reserves the right to adjourn or continue the Final Fairness Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Final Fairness Hearing or at the adjournment or continuance thereof, and to approve the settlement with modifications, if any, consented to by Class Counsel and Defense Counsel without further notice.

Papers in support of the final approval of settlement, and any application by Class Counsel for an award of attorneys' fees and/or reimbursement expenses, and any responses to objections, shall be filed with the Court on or before **November 18, 2015**.

Pending the Court's final determination of whether the proposed Settlement is fair, reasonable, and adequate, all discovery and other pretrial proceedings in the lawsuit relating to the claims against Defendants are deemed stayed and suspended until further Order of the Court, except those proceedings in connection with effectuating the Settlement Agreement, and all Settlement Class Members are barred and preliminarily enjoined from commencing or prosecuting, either directly, representatively, or in any other capacity, and of the "Claims," as that term is defined in the Settlement Agreement, against Defendants in these proceedings or any other proceeding in this or any other forum.

This Order, the Settlement Agreement, and all negotiations, papers, writings, statements and/or proceedings in connection with the Settlement shall not in any way be construed or used as or deemed to be evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing of any kind; (b) an admission or concession on the part of Defendants that any and all Settlement Class Members have suffered any damage; or (c) an admission or concession on the part of any or all Settlement Class Members that any of the claims asserted in this lawsuit may have lacked merit. This Order and such other documents in connection with the Settlement shall not be offered or received in evidence in any lawsuit or proceeding except in a proceeding to enforce the terms of the Settlement Agreement.

In the event that the settlement reflected by the Settlement Agreement is not given Final Approval by the Court, or entry of a Final Order and Judgment as provided in the Settlement Agreement does not occur for any reason, or there is no final Settlement, or the Settlement Agreement is terminated pursuant to the Parties' agreement or orders of this Court upon application and good cause shown, then the Settlement Agreement, all drafts, negotiations, discussions, and documentation relating to it, and all orders entered by the Court in connection with it, shall be null and void and shall be of no further force and effect, and shall not be used or referred to for any purpose in this litigation or in any other proceedings. In such event, the Settlement Agreement and all related negotiations and proceedings shall be deemed withdrawn and shall be without prejudice to the rights of any and all parties to it, who shall be restored to their respective positions as of the date of the execution of the Settlement

Agreement.

The Court further **GRANTS** Plaintiff leave to file an amended complaint and **ORDERS** that Plaintiff shall have up to and including **September 4, 2015**, to file his amended complaint.

**IT IS SO ORDERED.**

DATED: **August 28, 2015**

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**