IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON STEWART,<br>INDIVIUDALLY AND ON BEHALF OF<br>ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>MARSHALL ETC. INC., DANIEL<br>MARSHALL, and SHERRI MARSHALL,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 14-CV-1002-NJR-PMF<br>)<br>)<br>)<br>)<br>) |

# FINAL APPROVAL ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court are Motions for Final Approval of Class Settlement and Award of Plaintiff's Attorney's Fees (Docs. 41, 42) in this action brought pursuant to the Fair Labor Standards Act ("FLSA"). As set forth below, the motions are **GRANTED**.

On August 28, 2015, the Court preliminarily approved the Joint Motion for Preliminary Approval of Class Action Settlement and the Joint Motion to Certify Class (*see* Doc. 40). On December 2, 2015, the Court held a Final Fairness Hearing, at which all interested persons were given an opportunity to be heard. No objections were filed with the Court. The Court has read and considered all submissions made in connection with the Settlement Agreement, including statements and arguments made in open court at the Final Fairness hearing.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the Settlement Class provisionally certified for settlement purposes only. As set forth in the Order dated August 28, 2015, the classes are defined as follows:

   - **The "Settlement Classes" mean the Class Representative and all Class members of the FLSA Settlement Class and State Law Settlement Class.**
   - **The "FLSA Settlement Class" refers to the FLSA § 216(b) Class members who worked as salaried technicians for one or more weeks during the period of January 1, 2011, to August 10, 2014, and allegedly have claims under the FLSA pertaining to alleged unpaid overtime compensation.**
   - **The "State Law Settlement Class" refers to all Class Members who worked as salaried technicians at Marshall during the period of January 1, 2011, to August 10, 2014, and allegedly have State Law Claims pertaining to alleged unpaid overtime compensation.**

2. The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a), Rule 23(b)(3), Section 216(b) of the Fair Labor Standards Act ("FLSA"), and due process. Section 216(b) of the FLSA states that an employer shall be liable to its employee for the amount of unpaid overtime wages. As set forth in the Court's Preliminary Approval Order, Rule 23(a) has been satisfied even though there are only thirty-three class members. Further, there are questions of fact and law that are common to all members of the Settlement Class, the claims of the Class Representatives are typical of those of other Class Members, the Class Representatives have fairly and adequately protected the interests of the Settlement Class, and the Class Representatives have retained counsel experienced in complex class action litigation who have

continued to represent the class adequately. As to Rule 23(b)(3), the superiority requirement is satisfied because a settlement class is superior to other available methods for the fair and efficient adjudication of this controversy. The predominance requirement is also satisfied. Thus, the Court **CERTIFIES** the Settlement Classes pursuant to Federal Rule of Procedure 23 and Section 216(b) of the FLSA.

3. The dissemination of the Notice of Proposed Settlement, as provided for in the Preliminary Approval Order and contained within the attachment to Doc. 38, was completed and adequately informed the Class Members of the pendency of this action, of the terms of the settlement, and of their opportunity to request exclusion from the Class or to object to the terms of the settlement. Plaintiffs' attorney confirmed dissemination of Notice to the Court on November 18, 2015, and by written declaration of Amy L. Blaisdell attached to the Motion for Final Approval of Class Settlement and Certification of FLSA Class (Doc. 41). The Court finds that this constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Federal Rule of Civil Procedure 23.

4. No Class Members requested exclusion from the Settlement Class.

5. No Class Members objected to the Settlement Agreement, and no one appeared in Court to raise any objections to the settlement.

6. The Court approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate as to all Class Members. The

Agreement was made in reasonable anticipation of liability, with consideration of the substantial additional costs, delays, and risks faced by all parties if litigation were to continue. The Settlement Agreement is a good compromised result for the parties following good faith and lengthy arms-length negotiation between experienced and informed counsel well-versed in class actions. No objections were made by Class Members; this fact also supports approval of the settlement. At this stage, the Court and the parties possess ample information with which to evaluate the merits of the competing positions, and this fact also warrants approval of the Settlement Agreement. The Settlement Agreement (Doc. 41-1) is incorporated into and adopted as part of this Order.

7. The Court appoints Brandon Stewart as Class Representative and awards him $1,750.

8. Class Counsel is awarded $17,500 in attorney's fees.

9. Defendants shall arrange for distribution of the Settlement Funds in accordance with the Class Action Settlement Agreement, including distributing applicable payments to the Class Members who opted in, the named Plaintiff's enhancement payment, and attorney's fees to class counsel, within **thirty days** of this Order.

10. The parties shall file a final accounting with the Court as to the Settlement Fund disbursements on or before **January 15, 2016**.

11. Concurrent with or within **five business days** after the final accounting is submitted to the Court, Counsel for the parties shall file an agreed motion requesting entry of final judgment, dismissing this case with prejudice.

IT IS SO ORDERED.

DATED: December 4, 2015

                                                        <u>s/   Nancy J. Rosenstengel</u>
                                                        **NANCY J. ROSENSTENGEL**
                                                        **United States District Judge**